May it please the court, counsel. My name is Eric Rapp. I'm the attorney for the appellant William Harris. With the court's permission, I'll be reserving two minutes for rebuttal. On February 1st, 2011, William Harris went to sentencing, expecting to be sentenced by the judge who had been assigned to his case for almost three years. The judge who had sentenced the two more culpable co-defendants, who had rejected Harris's plea agreement but had indicated that she might be willing to consider a below-guidelines agreement for him, and who had presided over his two-day trial. Instead, on the morning of sentencing, Harris learned that his case had been transferred with no notice and no reason given to a visiting judge. Because of the lack of notice and because the judge was unfamiliar with his case, the defense moved to continue the matter to reset before the district court judge, who had been the trial judge assigned for almost three years. The visiting judge refused to recuse herself and refused to continue the case to reset it before the trial judge. There was no reason that the matter could not have been continued. We argue that this is reversible error for two reasons. First, this was a clear violation of Rule 25b. Second, the visiting judge was insufficiently familiar with the facts of the case and therefore not able to use informed discretion in sentencing Harris. This is a case that falls under Rule 25, which presumes that a trial judge will preside at sentencing absent extraordinary circumstances. The vast majority of the cases in the District of Arizona fall under a different scenario because they're resolved with plea bargains and it's not uncommon in the district for visiting judges to sentence defendants under their plea bargains. This case is entirely different. This case does not present a new rule for the court to apply, but instead an unusual situation in the District of Arizona under Rule 25, which normally requires that a sentencing judge be the judge who presided over the trial, absent extraordinary circumstances, and that a different judge, if assigned, be sufficiently familiar with the facts of the defendant's case in order to use informed discretion. Just clarify for me, on the day that this happened, was there any finding or statement either by the judge that presided over the trial that she was not available or not available? Judge Reed, to that effect? No, Your Honor. In fact, if I may, this is taken from the excerpts of the record, page 30. In response to my motion to continue on the grounds that the case should have been set before the district court judge who had heard the case was properly familiar, Judge Reed stated, well, it's my understanding that when there's a visiting judge, the regular district judges in the district pull cases that are appropriate for disposition by the visiting judge. I feel that I know enough about this case to do an adequate sentencing, especially with the opportunity you've had to file objections to bring to the court any information you have. The pre-sentence writer has done an excellent job of walking through the facts and circumstances that led to this defendant being charged. There was no indication that the district court judge was absent. She was certainly not dead. She was certainly not disabled. And there was no reason for the case not to be sent. And her accusal, I mean, she didn't recuse herself. Correct. Correct. It had been continued twice by the district court judge due to conflicts with the court's calendar, but on the morning of trial was when we received notice that it had actually been set before Judge Reed, and there was no information given. The morning of sentencing? Yes. I'm sorry, Your Honor. The morning of sentencing. And there was no indication by Judge Reed or by Judge Jorgensen that there was any reason that would have fallen under Rule 25B. Now, what was the prejudice here? The prejudice that was We're taking that familiarity issue for just a moment. Let's just The prejudice here was that William Harris was sentenced to a sentence of 188 months. Judge Jorgensen, who was the trial judge, had indicated when she rejected Harris's plea agreement that she would be willing to consider a plea below the guidelines. Harris's two co-defendants in this case, who were undoubtedly more culpable in the offense, the government conceded that both at trial and at sentencing, got 60-month terms, 60 months consecutive to the life sentences that they were already serving for murder. Harris received the sentence admittedly at the bottom of his guideline range of 188 months, but more than three times what the two co-defendants received, and they were more culpable. They were the instigators of the attack. The visiting judge didn't know this Did Harris have a life sentence as well? No. Harris was serving a sentence for aggravated assault that would have expired this year. And so now he's serving a consecutive 188 months? That's correct. And he will not get out until 2025. This individual is quite a violent person. Is that not accurate? Your Honor, Mr. Harris has a history of assaultive behavior. Mr. Harris is a schizophrenic with a long-term diagnosis of mental illness. As we indicated both to the district court and in our appeal briefs here, he has suffered from mental illness since his teens. That's compounded with alcoholism and drug addiction and brain damage from a variety of sources, including from drug abuse and huffing paints and other solvents and head injuries suffered in an auto accident. He has a long history of behavior, particularly when intoxicated or off medication that can be described as violent or assaultive. And it was appropriate for the court to consider that. But in this case, the visiting judge only focused on the interest of protecting the community. And her sentence did not reflect meaningful consideration of all the other factors of 3553 that were put before her. The visiting judge was insufficiently familiar with Harris's case and made no efforts to familiarize herself with the case beyond reading the pre-sentence report. She acknowledged the defense had filed objections to the pre-sentence report, but never actually addressed the objections directly. And as the quote that I read to the court indicates, she felt that it was an excellent report, even though our argument in the objections and in the sentencing memoranda was that it did not present an accurate factual picture of Harris, either in the instant case or in this prior conviction for which she had been serving time when this incident occurred. The judge never took any additional steps to familiarize herself with the case. And this court has never held that reading the pre-sentence report alone suffices to make a judge who is substituting for a trial judge under Rule 25 sufficiently familiar in order to be able to exercise informed discretion. Our argument with respect to the substantive unreasonableness of the sentence is that the judge failed to consider the cited mitigating circumstances. She did not give a meaningful consideration of the factors under 3553, particularly with respect to the seriousness of Harris's conduct compared to the two co-defendants. The trial judge had the ability to watch over and over again the cell block videotape of this incident, which showed clearly that the two co-defendants, murderers serving life sentences who got their 60-month sentences, were more culpable. They had razor blade type weapons. They attacked the officers. Harris was merely a follower who threw a plastic chair. Had the visiting judge had the experience with this case that the trial court did, she would have seen that a meaningful determination of the factors would have been a sentence well below the bottom of the guidelines that she posed. We're seeking remand with an order to the district court that Harris be resentenced by the trial court judge who heard his trial and who sentenced the co-defendants in this  And that's all I have at this time. Thank you. Miscall. I'm Bob Miscall from the U.S. Attorney's office in Tucson on behalf of the United States in this matter. The visiting judge in this case was sufficiently prepared for the sentencing to adequately conduct a sentence. Go ahead. Well, first, to why we have a visiting judge conducting this sentencing hearing in the first place. The only thing I can tell you to put in context of what was going on, the sentencing occurred less than a month after Judge Rawls' murder. At that time, the district judges in Tucson had had to absorb Judge Rawls' very heavy docket themselves. And quite frankly, the court was kind of in turmoil at that point. That was why the visiting judges were coming out there at that point in time. Why this specific case was chosen, there is nothing in the record that suggests one way or the other why that was. It looks like a clear violation of Rule 25. Again, in this case, the government's position is that the defendant never made that objection at the sentencing. And in fact, when the defendant asked for it to be continued back to the trial judge, what more do you need to say? And then the trial judge, the sentencing judge, said actually at that point that in rejecting his motion to continue, that basically says, I know of no rule of law that says that has to happen. At that point, if the defendant was going to argue a Rule 25 objection, he should have said, yes, Rule 25 does that. Did they know prior to showing up for the sentencing that a new judge, that somebody other than the trial judge was going to present the sentencing? As a practical matter, assuming things happened in this case as normally, they would have known at least the evening before. The calendars for the next day are published the evening before to the parties. Wasn't it a clear violation of the rule? I'm not sure. As you read the rule literally, this is a situation that perhaps the rule wasn't contemplated to cover. The rule is basically written to cover the situation where the judge, for whatever reason, is unavailable. That's not what is happening here, actually. Well, it says if the judge who presided at trial cannot perform those duties because of absence, death, sickness or other disability. Right. But it doesn't say that's a permissive rule. It doesn't say the judge who does the trial has to conduct the sentencing. The rule doesn't say that. Well, I think by implication, it tells us that the trial judge will conduct it unless one of these other conditions pertains. Actually, I would suggest that it's actually more a due process question as opposed to Rule 25 question. In the due process arena, this Court looks at a variety of factors to determine whether it is okay for a non-trial judge to conduct the sentencing. Well, you'd like to do that, but we have a rule that we start with, so let's follow the rules. Okay. If you conclude that it was violation of the rule, then the argument is there was no prejudice to the defendant. And isn't it clear there was? No, I don't think it is clear that there was, Your Honor, because basically what happened in this case is the judge, Judge Jurgensen, who was the original judge assigned to the case, had already rejected the defendant's plea agreement. She made a bunch of comments justifying rejecting the plea agreement. It was a stipulated plea, wasn't it? That is correct. And she made, like I said, several comments very recognizing the serious nature both of the offense and of the defendant's prior conduct and all that. And what she says is, excuse me one second, in rejecting the plea agreement, she said, that doesn't mean I won't accept another plea agreement possibly that has a different sentence. It doesn't necessarily have to be a guideline sentence, but I think 60 months is way too low considering all the statutory factors. She certainly didn't say she was going to go below the guidelines at some point. And there was nothing presented at the trial that, quite frankly, painted the defendant in a better light than what Judge Jurgensen had already talked about in rejecting the plea agreement. There was absolutely nothing at trial that helped the defendant. The defendant did not put on any evidence at trial. As a matter of fact, you could argue after hearing the trial, a judge's opinion of the defendant probably would have been worse than before the trial. So in that regard, there was nothing to establish prejudice on the defendant's to the defendant. His own. So when you preside over a trial as a judge, you sit in the court and you get to see the defendant and you get to see the whole public. You get to observe everything. You get to listen to the witnesses. You develop some impressions of the defendants and other people in the courtroom. And Judge Reed just wasn't in this part of this trial. She wasn't. She was reading the Promotion Officer's report and recommendation. And that's all. And she also had the arguments of counsel. She had the materials prepared for the sentencing. The defendant's claim that Judge Juergensen or his suggestion that Judge Juergensen wouldn't have given him a lower sentence is entirely speculative. Well, you never know what the judge is going to do. Judge Juergensen may have in the end given him the sentence that Judge Reed gave him, but Judge Juergensen also suggested that a sentence below the guidelines might be appropriate, too. If it was pursuant to a plea agreement. That's not what she said. Actually, I think it is. It's what she says, and I'm quoting from the transcript when she rejected the change of plea, which is at pages 18 and 19 of the excerpt of the record. That doesn't mean I won't accept another plea agreement possibly that has a different sentence, a proposed sentence. It doesn't necessarily have to be a guideline sentence, but I just think 60 months is way too low considering all the statutory practice of sentencing. Now, is it the counsel just stood up here and argued that the sentence imposed on the other two fellows, the co-defendants, was 60 months, and apparently, according to him, their culpability was greater than Mr. Harris? I would say those facts are correct, but, again, you've got to place them in context. As Judge Juergensen noted when she rejected the change of the plea agreement, there were two distinguishing factors between this defendant and the two prior co-defendants. The two other co-defendants, first of all, were not career offenders under the sentencing guidelines, so their sentencing guideline range would have been much, much, much lower. Secondly, the two other defendants were already serving life sentences. They were not getting out of prison anyway, so it doesn't matter, in a practical sense, it doesn't matter what the sentence in this case was. And Judge Juergensen, specifically in rejecting the plea agreement, talked about the fact that she had to be concerned about the safety of the community because this dependent would be getting out of jail, and that his record shows that he can't, he's a violent individual who basically can't comport to societal norms, and that was one of the reasons why she rejected the plea agreement. So the sentences of the two co-defendants are kind of a red herring in this case, because they're so different factually to this defendant. And like I said, that was one of the reasons why Judge Juergensen explained that in rejecting the plea agreement. Well, if the case is sent back for resentencing, you can make those arguments, Judge Reed, and maybe she'll impose the sentence higher than the minimum guideline level. Like I said, the government's position is the defendant cannot establish prejudice for what happened here. The visiting judge at the sentencing gave a very detailed explanation why she imposed the sentence she did. That certainly was a reasonable sentence in light of this defendant's background. So for those reasons, government does not believe a remand is necessary. Okay. Unless the court has any further questions. I don't have any. Okay, thank you. We've got about a minute and a half. Your Honor, first and foremost, the rule itself doesn't state that a judge cannot substitute, absent other circumstances, but the advisory committee notes, states specifically, it is not intended, of course, that substitution shall be made where the judge who tried the case is available within a reasonable distance from the place of trial. There is no question that Judge Juergensen was available within a reasonable distance in the same courthouse where she had held the trial. With respect to making a claim, we did make a claim to Judge Reed that this case should be reset before the district court judge who had tried the case because Judge Reed was not sufficiently familiar. Even if we did not specifically invoke Rule 25, the substance of Rule 25 was in our motion to continue. Therefore, we preserved that claim and we can make additional arguments, including citing this specific rule. I would note that we did not see the calendar until that morning. Whether that had been posted the evening before or not, we did not get notice until that morning. In addition, in this case, the government has stated that there is nothing that took place at trial that would have helped Mr. Harris. He put on no evidence and Judge Juergensen's opinion would have probably been worse. That's quite untrue. Mr. Harris's involvement was very clearly shown in the cell block video of the incident that was shown over and over and over again. The witness's testimony was varied on the single count that the defense did not concede whether Harris possessed a razor blade type weapon. There was conflicting testimony and the jury asked questions, asked to see the video again and deliberated for four hours. The judge could have had residual doubt and most likely would have had residual doubt to impose a lower sentence as mitigation for Harris. We ask again that this Court remand to the district with instructions that Judge Juergensen handle the sentencing. Thank you, Your Honor. Okay. Thank you for your arguments. We appreciate counsel's arguments and the matter is submitted at this time.
judges: Fletcher, Noonan, Paez